IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RYAN E. BARNES**,

                Plaintiff,

vs.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

                Defendant.

Civil Case No. 10-1145-KI

OPINION AND ORDER

    David B. Lowry
    9900 SW Greenburg Road
    Columbia Business Center, Suite 130
    Portland, Oregon  97223

        Attorney for Plaintiff

    Dwight C. Holton
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204

Richard Rodriguez
Office of General Counsel
701 Fifth Avenue
Suite 2900 M/S 221A
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Ryan Barnes brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the denial of plaintiff's application for disability insurance benefits and supplemental security income benefits.  Before the court is Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) [10].

## FACTS

Barnes filed applications for benefits on November 7, 2008.  The agency denied the claims on February 6, 2009.  Barnes appointed an attorney to represent him on March 17, 2009 and filed a request for reconsideration on March 24, 2009.  The agency denied the request for reconsideration on April 23, 2009.  The denial states that Barnes may appeal the decision by requesting a hearing within 60 days from his receipt of the denial.  Barnes' counsel filed a request for hearing on July 21, 2009, which is 89 days after the denial.

On July 21, 2009, the agency asked Barnes to complete a "Statement of Claimant-Reason for Late Filing of Appeal Request" ("Statement").  On August 5, 2009, the agency sent Barnes'

counsel a letter advising that the agency had not received the Statement. On August 24, 2009, Barnes' counsel sent a Good Cause Statement which explained that Barnes' mental state had not allowed him to complete the paperwork or to come to counsel's office to get assistance.

On October 30, 2009, an ALJ dismissed Barnes' request for a hearing after concluding that Barnes had not established good cause for missing the deadline, in part because Barnes was represented by counsel throughout the entire time in which he could have requested a hearing.

On November 9, 2009, Barnes' counsel filed a request for review of the dismissal, which the Appeals Council denied on September 3, 2010. On July 10, 2010, Barnes' counsel set a letter seeking redetermination of Barnes' claims, which the Appeals Council denied on September 23, 2010. Barnes filed suit in this court on September 21, 2010.

## DISCUSSION

Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g). Section 405(g) "'clearly limits judicial review to a particular type of agency action, *a final decision* of the Secretary made *after a hearing*.'" Subia v. Comm'r of Social Sec., 264 F.3d 899, 902 (9th Cir. 2001) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980 (1977)). The ALJ's dismissal of the request for a hearing, as in Barnes' situation, is not an ALJ's final decision after a hearing. See id. (ALJ dismissed request for hearing after claimant and counsel failed to appear without good cause; no hearing and no final decision occurred). Thus, the Commissioner never made a final decision, and Barnes failed to exhaust his administrative remedies.

The court may waive a failure to exhaust administrative remedies and grant judicial review if the claimant asserts a colorable constitutional claim. Id. Barnes neither responded to

this motion to dismiss nor raised a colorable constitutional claim before the ALJ or in his Complaint.  I decline to waive Barnes' failure to exhaust administrative remedies, and I dismiss this action.

## CONCLUSION

Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) [10] is granted.  This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      18th        day of April, 2011.


    /s/ Garr M. King
Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER